1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **CENTRAL DISTRICT OF CALIFORNIA**

10

11    DARYL HARMON,                    )    NO. CV 15-9192-TJH(E)
                                       )
12              Petitioner,            )
                                       )
13         v.                          )    ORDER OF DISMISSAL
                                       )
14    RON RACKLEY, Warden,             )
                                       )
15              Respondent.            )
      _____)

16

17

18         In late November of 2015, "Moving Party" Daryl Harmon

19    (hereinafter "Petitioner") filed a "Martinez Motion" and "AMENEDED

20    [sic] Martinez Motion" (hereinafter referenced collectively as "the

21    Petition").   The Petition seeks to pursue allegedly "substantial

22    constitutional defaulted" claims challenging the validity of

23    Petitioner's 1994 Los Angeles Superior Court conviction for second

24    degree robbery.

25

26         Petitioner previously challenged this same conviction in a prior

27    habeas corpus petition filed in this Court.   See Harmon v. Terhune,

28    CV-99-2339-TJH (CT).   On August 6, 1999, this Court entered Judgment

1  in Harmon v. Terhune, CV-99-2339-TJH(CT), denying and dismissing the
2  prior petition with prejudice as untimely.  The United States Court of
3  Appeals for the Ninth Circuit denied Petitioner's request for a
4  certificate of appealability on February 14, 2000.[1]

5

6      The Court must dismiss the present Petition in accordance with
7  28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and
8  Effective Death Penalty Act of 1996").  Section 2244(b) requires that
9  a petitioner seeking to file a "second or successive" habeas petition
10 first obtain authorization from the Court of Appeals.  See Burton v.
11 Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive
12 authorization from Court of Appeals before filing second or successive
13 petition, "the District Court was without jurisdiction to entertain
14 [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir.
15 2000) ("the prior-appellate-review mechanism set forth in § 2244(b)
16 requires the permission of the court of appeals before 'a second or
17 successive habeas application under § 2254' may be commenced").  A
18 petition need not be repetitive to be "second or successive," within
19 the meaning of 28 U.S.C. section 2244(b).  See, e.g., Thompson v.
20 Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965
21 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal.
22 Mar. 6, 2008).  The dismissal of a habeas petition as untimely
23 "constitutes an adjudication on the merits that renders future
24 petitions under § 2254 challenging the same conviction 'second or

25 ────────────

26     [1]     The Court takes judicial notice of the docket in
   Petitioner's appellate case, Harmon v. Terhune, United States
27 Court of Appeals for the Ninth Circuit case number 99-56419,
   available on the PACER database at www.pacer.gov.  See Mir v.
28 Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988)
   (court may take judicial notice of court records).

                                  2

1   successive' petitions under § 2244(b)." <u>McNabb v. Yates</u>, 576 F.3d
2   1028, 1030 (9th Cir. 2009).  Petitioner evidently has not yet obtained
3   authorization from the Ninth Circuit Court of Appeals.  Consequently,
4   this Court cannot entertain the present Petition.  <u>See Burton v.</u>
5   <u>Stewart</u>, 549 U.S. at 157; <u>see also</u> <u>Remsen v. Att'y Gen. of Calif.</u>, 471
6   Fed. App'x 571, 571 (9th Cir. 2012) (if a petitioner fails to obtain
7   authorization from the Court of Appeals to file a second or successive
8   petition, "the district court lacks jurisdiction to consider the
9   petition and should dismiss it.") (citation omitted).[2]
10  ///
11  ///
12  ///
13  ///
14  ///
15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22
23
24

25  [2]      This Court rebuffed a previous attempt by Petitioner to
    bring a "second or successive" petition challenging his 1994 Los
    Angeles Superior Court conviction.  <u>See</u> <u>Harmon v. Hill</u>, CV 14-
26  5938-TJH(E).  In action CV 14-5938-TJH(E), this Court denied a
    purported Rule 60 motion in which Petitioner made arguments
27  substantively identical to the arguments made in the present
    Petition.  The Ninth Circuit then denied Petitioner's request for
28  a certificate of appealability.

1    For all of the foregoing reasons, the Petition is denied and
2    dismissed without prejudice.

3

4        LET JUDGMENT BE ENTERED ACCORDINGLY.

5

6        DATED: December 8, 2015.

7

8                                    _____
                                        TERRY J. HATTER, JR.
9                                    UNITED STATES DISTRICT JUDGE

10

11   PRESENTED this 2nd day of
12   December, 2015, by:

13

14   _____/s/_____
              CHARLES F. EICK
15   UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    4